# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ALBERT STEWARD,

    Plaintiff,

v.                                                                                 Case No. 3:21-cv-973-TJC-MCR

INTERNATIONAL
LONGSHOREMEN'S
ASSOCIATION, LOCAL NO. 1408,

    Defendant.

## **O R D E R**

This case is before the Court on Defendant International Longshoremen's Association, Local No. 1408's ("the union") Motion to Dismiss Amended Complaint with Prejudice. (Doc. 23). Pro se Plaintiff Albert Steward has responded. (Doc. 24). The Motion is now ripe.

This is, as far as the Court can ascertain, the third case since 2005 that Steward has filed to attempt to receive redress on similar claims. Steward v. Int'l Longshoremen's Ass'n, Local No. 1408, No. 3:05-CV-1094-J-25TEM, 2008 WL 11336515, at *2 (M.D. Fla. Apr. 21, 2008), aff'd 306 F. App'x 527 (11th Cir. 2009) ("Steward I"); No. 3:16-CV-1194-J-39PDB, 2019 WL 13065834, at *2

(M.D. Fla. Oct. 30, 2019), aff'd 829 F. App'x 913 (11th Cir. 2020) ("Steward II").[1] The union primarily argues that Steward's Amended Complaint should be dismissed with prejudice under res judicata and collateral estoppel because it realleges issues that the Court and the Eleventh Circuit already considered and rejected in Steward II. (Doc. 23 at 9–12); see 829 Fed. App'x. 913 (11th Cir. 2020). The union alternatively argues that Steward's claims are time-barred and that the Amended Complaint fails to state a claim. (Doc. 23 at 12–18).

Steward's Amended Complaint has three counts: (1) failure to represent, based on the Executive Board's refusal to hear his grievance; (Doc. 18 at 9); (2) improper removal of hours from his annual work record; id. at 12; and (3) unjust enrichment for removing hours from his account; id. The Court addresses each count in turn.

Beginning with Count I, failure to represent, Steward alleges that the union violated its duty to represent Steward by failing to hold a hearing on a grievance letter Steward filed in 2020. (Doc. 18 at 9; Doc. 18-1 at 9). Steward does not describe or attach the grievance, so it is unclear what Steward was asking of the Executive Board. The other paragraphs in Count I discuss another union member, more junior than Steward, who Steward alleges recovered his

---

[1] Local 1408 does not discuss Steward's 2005 action, thus referring to the second action, 3:16-cv-001194-BJD-PDB, as "Steward I." (Doc. 23 at 2). For clarity, the Court identifies and distinguishes between both prior cases.

2

"original port seniority and a promotion as permanent Shop Foreman" in early 2021. (Doc. 18 at 9–10). Steward also alleges that the union "fail[ed] to refer" Steward "to jobs for which he was . . . qualified in accordance with his seniority" and that the union's actions were "arbitrar[y], discriminator[y], in bad faith, [and] without reason or cause." Id. at 10.

Steward's allegations do not sufficiently state a claim. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "Conclusory allegations and legal conclusions are not sufficient . . . ." Feldman v. American Dawn, Inc., 849 F.3d 1333, 1340 (11th Cir. 2017). To state a failure to represent claim under the National Labor Relations Act, Steward must show that the "union's conduct" was "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967); see Steward II, 2019 WL 5188524, at *13–14 (explaining the showing Steward must make to allege a failure to represent claim). He has not met this standard.

First, Steward does not explain how the union president's denial of Steward's 2020 hearing request was arbitrary, discriminatory, or in bad faith, aside from his conclusory statement that "the failure to investigate the merits

3

of a grievance could be arbitrary conduct and a breach of a duty." (Doc. 18 at 9). He does not describe the grievance itself, further complicating the Court's task. And the president's response, which Steward attaches, suggests that the hearing was denied because the grievance was duplicative of an issue already resolved by Steward's prior litigation. See (Doc. 18-1 at 9). Steward does not explain, nor can the Court speculate, why the president's response was arbitrary, discriminatory, or in bad faith.

Second, Steward does not explain how the union restoring another worker's seniority through amnesty[2]—and subsequently promoting him ahead of Steward—was arbitrary, discriminatory, or in bad faith. See (Doc. 18 at 3–4, 9). Steward does not argue that amnesty was improper; rather, he complains of the result: another worker ended up with a higher seniority and a better job than Steward, even though Steward had been on the job longer. See id. Without Steward explaining why the other worker should not have received amnesty—or why Steward should have received it too—the Court cannot infer a claim that the union acted improperly. See Steward II, 829 F. App'x at 917 (finding that a nearly identical allegation failed because Steward did not explain how granting other union members amnesty, but not Steward, was "incorrect or improper")

---

[2] Although Steward does not use the word "amnesty" in his Amended Complaint, the Court and the Eleventh Circuit have previously used this word to describe related incidents of port workers having their original seniority restored. 2019 WL 5188524, at *3; 829 F. App'x at 916–917.

4

(quotations omitted). The Court will give Steward one more opportunity to make this showing.

Turning next to Counts II and III, these closely related counts also fail to state a claim. Steward does not identify a cause of action under Count II but describes his injury as "[t]he removal of hours and years" from his employment record, affecting his retirement and pension. (Doc. 18 at 12). Count III is titled "unjust enrichment," and cursorily mentions Steward's "years and credit hours" and "Retirement Plans, Benefits and Savings," before claiming that the union "retaliate[ed] against Steward, by refusing him a hearing on his grievances." Id.

The Court cannot tell whether Count II is an independent breach of duty claim under the National Labor Relations Act, or whether it is merely a preamble to Count III. Likewise, the Court cannot determine whether Count III is a state law claim, whether it is another breach of duty claim based on retaliation, or both. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322–23 n.13 (11th Cir. 2015) (holding complaints that combine multiple causes of action into one count are shotgun pleadings). The Court will give Steward one more chance to amend Counts II and III to fix these problems.

However, a word of caution. Steward recently benefited from four amended complaints and an Eleventh Circuit review in Steward II. See 2019 WL 5188524, at *1; 829 F. App'x 913. The union argues compellingly that most (if not all) of Steward's claims are now barred by collateral estoppel. (Doc. 23 at

5

10–12). In the interests of judicial economy and preventing frivolous and duplicative lawsuits, if Steward files a second amended complaint, he should consider whether it simply retreads the same ground as his past failed actions.[3] Cf. FED. R. CIV. P. 11(b) (outlining the pleading requirements applicable to all parties, including pro se litigants).

Accordingly, it is hereby

**ORDERED:**

1. Defendant International Longshoremen's Association, Local No. 1408's Motion to Dismiss (Doc. 23) is **GRANTED**.

2. The Amended Complaint (Doc. 18) is **DISMISSED without prejudice**.

3. No later than **October 3, 2022**, Plaintiff Albert Steward, only if he has a good faith basis to do so, may file a second amended complaint.

---

[3] Collateral estoppel prevents a party from relitigating the same issue in a new case if:

> (1) an identical issue was presented in the prior proceeding; (2) the issue was a critical and necessary part of the prior proceeding; (3) the issue was fully and fairly litigated in the previous proceeding; (4) the parties in the two proceedings were identical; and (5) a final decision was rendered by a court of competent jurisdiction.

Bryant v. Jones, 575 F.3d 1281, 1303 (11th Cir. 2009).

4. If a second amended complaint is filed, Defendant shall respond no later than **October 24, 2022**.

5. If Defendant files a motion to dismiss, Steward shall respond no later than **November 14, 2022**.

**DONE AND ORDERED** in Jacksonville, Florida the 16th day of September, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

rmv
Copies:

Pro se Plaintiff

Counsel of record