UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALBERT STEWARD,

    Plaintiff,

v.                                              Case No. 3:21-cv-973-TJC-MCR

INTERNATIONAL
LONGSHOREMEN'S
ASSOCIATION, LOCAL NO. 1408,

    Defendant.

## **O R D E R**

    This National Labor Relations Act (NLRA) case is before the Court on Defendant International Longshoremen's Association, Local No. 1408 (the union)'s Motion to Dismiss Second Amended Complaint with Prejudice. (Doc. 31). Pro se Plaintiff Albert Steward responded in opposition. (Doc. 32). The Court previously dismissed Steward's Amended Complaint (Doc. 18) without prejudice and provided Steward with a final opportunity to amend his complaint. (Doc. 25).

### **I.    LEGAL STANDARD**

    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of allegations in the complaint. Federal Rule of Civil Procedure 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555.

The Court liberally construes pro se pleadings and holds them to "less stringent standards" than those applied to pleadings drafted by lawyers. Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). However, the Court "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." Id.

Under the NLRA, "[w]hen a labor organization has been selected as the exclusive representative of the employees in a bargaining unit, it has a duty . . . to represent all members fairly." Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998). To state a failure to represent claim under the NLRA, Steward must sufficiently allege that the "union's conduct" was "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967).

## II. BACKGROUND[1]

Steward's claims stem from an ongoing disagreement with the union over his seniority date. (See generally Doc. 28).[2] While campaigning for presidency of the union in June 2019, George Spencer promised Steward that he would restore Steward's union seniority if Spencer was elected. (Doc. 28 ¶¶ 2–3). Once elected, Spencer reviewed the seniority lists and posted a new seniority list in 2020. Id. ¶¶ 3–6. Spencer restored the seniority of other union members, but he did not restore Steward's seniority. Id. ¶ 7. As a result, other union members were promoted ahead of Steward. Id. ¶¶ 26–39. Steward alleges that the promotion of others ahead of him was a breach of the Maintenance and Repair (M&R) Agreement regarding selection of foremen according to seniority. Id. ¶¶ 82–83; (Doc. 28-1 at 14–15).

On April 22, 2020, Spencer wrote a letter stating that if anyone disagreed with the seniority list, they would be heard through the union's grievance procedure. Id. ¶¶ 72–74; (Doc. 28-1 at 5). Steward filed a grievance on December 9, 2020, seeking a hearing about his seniority date. Id. ¶ 7; (Doc. 28-1 at 2–4).

---

[1] These facts, assumed as true, are taken from the Second Amended Complaint (SAC). (Doc. 28). The SAC is difficult to decipher, but the Court summarizes these facts to the best of its ability.

[2] See the Court's Order dismissing the Amended Complaint for details on Steward's prior attempts, including an unsuccessful trip to the Eleventh Circuit, to receive redress on these claims. (Doc. 25).

On May 3, 2021, Spencer denied Steward's request for a hearing. Id. ¶ 56; (Doc. 28-1 at 12). The denial letter stated there was no further action the union could take on Steward's grievance because the grievance was duplicative of an issue already resolved by Steward's prior litigation. Id. ¶ 78; (Doc. 28-1 at 12). Steward alleges that the union "violated its duty to fairly represent Steward by failing to hold a hearing on [the] grievance letter." Id. ¶ 64. Steward seeks an order restoring his desired seniority date, enjoining the union from using hiring practices that violate seniority procedures, and awarding monetary damages. Id. at 16–17.

### III. DISCUSSION

The union argues that the Court should dismiss the SAC with prejudice under res judicata and collateral estoppel, and because the SAC is time-barred and fails to state a claim for breach of the duty of fair representation. (See generally Doc. 31). In response, in an apparent effort to avoid res judicata or collateral estoppel, Steward argues that the SAC is not about his seniority date, rather, it is about whether the selection of another employee (Tarrus Andrews) for a foreman position over Steward violated the standards set out in the M&R Agreement. (See Doc. 32 at 5). However, Steward does not make this argument consistently. For example, Steward seemingly argues that the lawsuit both is and is not about his company seniority in the same sentence: "this Lawsuit . . . was never about Amnesty of port union seniority being returned to Steward,

4

this Legal Action has been About Steward company seniority and a breach of contract between the Union members Albert Steward and Tarrus Andrews." Id. (typographical errors in original). Additionally, Steward acknowledges that the SAC alleges a breach of the duty of fair representation for the union's failure to consider his grievance and seeks relief related to his seniority date. Id. at 14. Regardless, any argument that the union failed to abide by the M&R Agreement by promoting Andrews over Steward necessarily relates to Steward's disagreement with his seniority date because the M&R Agreement pertains to the selection of foremen according to company seniority, (Doc. 28-1 at 14–15), and both seniority lists attached to the SAC show that Andrews has more seniority than Steward. Id. at 6–7, 9. Therefore, Steward's arguments about the nature of the SAC do not change the Court's analysis.

Although the SAC contains more detail than the Amended Complaint, it does not cure the deficiencies the Court identified in its Order dismissing the Amended Complaint. (See Doc. 25). First, despite the Court's explanation of this pleading deficiency in its Order dismissing the Amended Complaint, (id. at 3–4), Steward does not explain in a non-conclusory manner how Spencer's denial of Steward's 2020 hearing request was arbitrary, discriminatory, or in bad faith. Steward attached his grievance to the SAC as well as Spencer's response to the grievance. (See Doc. 28-1 at 2–4, 12). These documents show that Steward was requesting a hearing about his seniority date, and that Spencer responded that

5

Steward would not be given a hearing because Steward's seniority issue has already been litigated and resolved. See id. Steward does not explain how Spencer's denial of his hearing request was arbitrary, discriminatory, or in bad faith, nor is it evident from the attached documents.

Second, Steward does not correct the pleading deficiency regarding a non-conclusory explanation of how the union restoring other workers' seniority through amnesty—and subsequently promoting them ahead of Steward—was arbitrary, discriminatory, or in bad faith. (Doc. 25 at 4). In an apparent attempt to cure this deficiency, Steward states, "The union restoring [Andrews] to original and not restoring Steward war arbitrary, discriminatory and in bad faith because both Steward and [Andrews] by the same employer Coastal Great Southern (see Exhibit D dated 2/19/2020. On this list Steward was ahead of employee [Andrews] on the seniority listings." (Doc. 28 ¶ 66) (typographical errors in original). Exhibit D appears to be an attendance sign-in sheet from a company meeting. (Doc. 28-1 at 11). It is unclear how the attendance sign-in sheet supports Steward's allegations that the union acted improperly, and he does not explain it.

In sum, the SAC fails to state a plausible claim for breach of the union's duty of fair representation.[3] The Court informed Steward that this would be

---

[3] Because the Court finds that the SAC fails to state a claim, it need not consider the union's other arguments, including those regarding res judicata

6

his final opportunity to amend the complaint. (See Doc. 25 at 5). Steward has had three chances to plead a proper complaint. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007); see also Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999). Based on Steward's repeated failures to cure deficiencies in his complaints, as well as his failed attempts to litigate similar issues in past actions, the Court finds that further amendment would be futile. Thus, the Court dismisses Steward's claims with prejudice.

Finally, the Court briefly turns to Steward's Motion for Judgment on the Pleadings. (Doc. 34). Because the SAC is dismissed, the Court need not consider the Motion.

Accordingly, it is hereby

**ORDERED:**

1. International Longshoremen's Association, Local No. 1408's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 31) is **GRANTED**. Steward's Second Amended Complaint (Doc. 28) is **DISMISSED with prejudice.**

2. Steward's Motion for Judgment on the Pleadings (Doc. 34) is **DENIED**.

---

and collateral estoppel, although Steward's claims are likely barred on these grounds.

3. The Clerk is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 19th day of September, 2023.



hkf
Copies to:

Pro se Plaintiff

Counsel of record

8